IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE BARRERAS,<br><br>    Petitioner,<br><br>  vs.<br><br>FRANCISCO JACQUEZ,<br><br>    Respondent. | No. C 11-1895 JSW (PR)<br><br>**ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>(Docket Nos. 2 & 4) |

## INTRODUCTION

Petitioner, a prisoner of the State of California proceeding pro se, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his continued retention in the Secured Housing Unit ("SHU") of his prison based upon prison officials' findings that he is involved in gang activities. After reviewing the petition, the Court dismisses it without prejudice to filing his claims in a civil rights action under 42 U.S.C. § 1983. The applications for leave to proceed in forma pauperis are also granted.

## DISCUSSION

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to

show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

In his petition, Petitioner claims that he has been denied due process in connection with prison officials' decision to retain him in the SHU based upon gang activity. Challenges to prison conditions have traditionally been cognizable only in a civil rights action under 42 U.S.C. § 1983, while challenges implicating the fact or duration of confinement in prison must be brought through a habeas petition. *Docken v. Chase*, 393 F.3d 1024, 1026 (9th Cir. 2004). Indeed, "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003). Petitioner's claims must be brought in a civil rights complaint, not a habeas petition, because his challenge to his placement in the SHU will not, if successful, shorten the duration of his custody in prison. Accordingly, this case will be dismissed without prejudice to Petitioner refiling his claims in a civil rights complaint under 42 U.S.C. 1983. *See Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

## CONCLUSION

For the foregoing reasons, this case is DISMISSED without prejudice to filing his claims in a civil rights complaint under 42 U.S.C. § 1983. In light of Petitioner's lack of funds, the applications for leave to proceed in forma pauperis (docket numbers 2 and 4) are GRANTED.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a Petitioner is entitled to a certificate of appealability in the same order in which the petition is decided. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find this Court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of

appealability is warranted in this case.

The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: May 13, 2011

JEFFREY S. WHITE
United States District Judge

3